UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JHON ZAPATA ROJAS,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1712

Honorable Jane M. Beckering

**<u>OPINION</u>**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently

detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated

this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

(Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current

detention following an order issued by the Detroit Immigration Court denying him bond, and asks

the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or

provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a), where the government bears

---

[1] Petitioner also filed a motion for a temporary restraining order (TRO), seeking a stay of Petitioner's merits hearing with the Executive Office for Immigration Review on June 1, 2026, and a stay of the removal or transfer of Petitioner during the pendency of these habeas proceedings. (Mtn. TRO, ECF No. 2, PageID.180.) In this Opinion, the Court dismisses without prejudice Petitioner's petition for a writ of habeas corpus. Therefore, the pending motion for a TRO is moot. (ECF No. 2.)

the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.15.)

In an Order entered on June 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 6.) Respondents filed their response on June 5, 2026. (ECF No. 6.)

## II.    Relevant Factual Background

Petitioner is a citizen of Colombia who entered the United States in 2023. (Pet., ECF No. 1, PageID.1.) On March 7, 2026, Petitioner was arrested by ICE. (*Id.*, PageID.2.)

On April 13, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Zapata Rojas v. Raycraft* (*Zapata Rojas I*), No. 1:26-cv-1194 (W.D. Mich.). In *Zapata Rojas I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Zapata Rojas I*, (W.D. Mich. Apr. 28, 2026), (ECF Nos. 6, 7).

On May 5, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.2.) At the conclusion of the bond hearing, in a written order, the Immigration Judge (IJ) denied Petitioner's request for bond, stating: "[Petitioner] has failed to show he is not a flight risk." (Order of the IJ, ECF No. 1-4, PageID.46.)

On June 1, 2026, after filing this second habeas petition, an IJ granted Petitioner's application for pre-conclusion voluntary departure, and ordered Petitioner to voluntarily depart the United States by July 31, 2026. (Order of the IJ, ECF No. 6-2, PageID.200–203.) Petitioner waived appeal. (*Id.*, PageID.203.)

### III.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy— 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

### IV.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the IJ did not apply the constitutionally required burden of proof at Petitioner's May 5, 2026, § 1226(a) bond hearing. Although it appears that the IJ applied an unconstitutional burden of proof at the bond hearing, *see Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026), since filing this petition, Petitioner agreed to voluntarily depart the United States and waived appeal of the IJ's order granting voluntary departure.

As set forth in § 1226(a), a noncitizen "[o]n a warrant issued by the Attorney General may be arrested and detained *pending a decision* on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). In this case, Petitioner's removal proceedings are no longer pending. However, Petitioner's § 2241 petition only challenges his detention under § 1226 and does not challenge the constitutionality of his *present* detention after he agreed to voluntarily depart the United States and waived appeal of the IJ's order granting voluntary departure. Under these circumstances, the Court will dismiss the action without prejudice.[2]

### Conclusion

For the reasons discussed above, the Court will enter a Judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:    June 17, 2026                     /s/ Jane M. Beckering
                                            Jane M. Beckering
                                            United States District Judge

---

[2] Petitioner is free to challenge the constitutionality of his present detention; however, any such challenge raises new claims that were not raised in Petitioner's original § 2241 petition and which are not presently before the Court. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding his present detention, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.